UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN BAL,

Plaintiff,

-against-

ALYSSA B. O'GALLAGHER, individually;
PETER M. ARONOFF, individually;
BENJAMIN H. TORRANCE, individually,

Defendants.

1:25-CV-6590 (GBD)

ORDER OF DISMISSAL

GEORGE B. DANIELS, United States District Judge:

Plaintiff John Bal, who appears *pro se*, asserts claims of violations of his federal constitutional rights and seeks damages.[1] He sues: (1) Alyssa B. O'Gallagher, Esq.; (2) Peter M. Aronoff, Esq.; and (3) Benjamin H. Torrance, Esq. Plaintiff asserts that, with respect to the alleged events, all of the Defendants served as Assistant United States Attorneys assigned to the Office of the United States Attorney for the Southern District of New York. (ECF No. 9, at 1.) He also asserts that he sues the Defendants in their individual capacities. (*Id.*) Because Plaintiff's amended complaint asserts damages claims of federal constitutional violations against the Defendants, who are federal officers and employees, in their individual capacities, this Court construes it as asserting claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Because the amended complaint also appears to assert tort claims against the Defendants arising from their alleged acts performed within the scope of their federal offices or employment, this Court construes such tort claims as brought under the Federal Tort Claims Act ("FTCA") against the United States. Plaintiff may also be asserting claims under state law.

[1] Plaintiff's amended complaint is the operative pleading for this action. (ECF No. 9.)

On August 13, 2025, the Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP"), that is, leave to proceed without prepayment of fees. (ECF No. 5.) This Court dismisses the above-captioned action.

## LEGAL STANDARD

This Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). This Court must also dismiss a complaint when it lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, this Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

Plaintiff's claims arise from Defendant O'Gallagher's representation of the individual federal-officer defendants in Plaintiff's previous civil action that he brought in this court *pro se*, known as *Bal v. U.S. Dep't of the Treasury's Office of Foreign Assets Control*, No. 1:21-CV-4702 (OTW) ("*Bal I*"), and Defendants O'Gallagher's, Torrance's, and Aronoff's representation of those federal-officer defendants during Plaintiff's appeal of this Court's dismissal of *Bal I* in the United States Court of Appeals for the Second Circuit, in an appeal known as *Bal v. U.S. Dep't of the Treasury*, No. 25-212 (2d Cir. May 26, 2026).[2]

[2] In an Opinion & Order dated December 9, 2024, Magistrate Judge Ona T. Wang, who presided over *Bal I* on consent of the parties, granted the federal defendants' cross-motion for summary judgment, denied Plaintiff's cross-motion for summary judgment, and directed the Clerk of Court to enter judgment for the defendants and to close that action. *Bal I*, 1:21-CV-4702, ECF No. 155 (S.D.N.Y. Dec. 9, 2024).

Plaintiff asserts that O'Gallagher "knowingly did not have standing" to represent the individual federal-officer defendants in *Bal I*, and that those defendants "had no knowledge that O'Gallagher was representing them and neither gave O'Gallagher nor [the United States Department of Justice ("DOJ")] consent to represent them in any capacity."[3] (ECF No. 9, at 4.) He also asserts that "O'Gallagher's knowingly false misrepresentations, and [the] District Court's reliance on them, intentionally deceived and misled [the] District Court to dismiss Plaintiff's First Amended Complaint" in *Bal I*. (*Id.*) He states that "O'Gallagher's willful fraud and intentional deceit obstructed Plaintiff's First, Fourth, and Fifth Amendment rights." (*Id.* at 7.)

With respect to Plaintiff's appeal of the dismissal of *Bal I* in the Court of Appeals, Plaintiff asserts that, "[a]cting in concert, O'Gallagher, Aronoff, and Torrance . . . continued O'Gallagher's fraud and intentional deceit that began in [the] District Court." (*Id.* at 10.) As with O'Gallagher in the district court, Plaintiff asserts that all of the Defendants "knowingly did not have standing to represent" the federal-officer defendants in his appeal in the Court of Appeals. (*Id.*) The federal-officer defendants "had no knowledge that [O'Gallagher, Aronoff, and Torrance] were representing them and neither gave [O'Gallagher, Aronoff, Torrance,] nor [the] DOJ consent to represent them." (*Id.*) O'Gallagher, Aronoff, and Torrance "fraudulently submitted a . . . [b]rief and [r]ecord, opposed motions, and signed and submitted documents . . . without [the federal-officer defendants'] knowledge or consent to intentionally deceive [the] Court of Appeals that they lawfully represented [the federal-officer defendants]." (*Id.*) With respect to Plaintiff's appeal, Plaintiff alleges that O'Gallagher's, Aronoff's, and Torrance's "fraud and deceit [also]

---

Plaintiff appealed. On May 26, 2026, the United States Court of Appeals for the Second Circuit affirmed the judgment of the district court. *See Bal v. U.S. Dep't of the Treasury's Office of Foreign Assets Control*, No. 25-212-CV, 2026 WL 1469417, at *4 (2d Cir. May 26, 2026) (summary order).

[3] This Court quotes from the amended complaint verbatim. All spelling, grammar, and punctuation are as in the amended complaint unless noted otherwise.

intentionally obstructed Plaintiff's rights protected by the First, Fourth, and Fifth Amendments." (*Id.* at 13.)

## PLAINTIFF'S COMPLAINT IS DISMISSED

### A. Government-attorney immunity

This Court must dismiss Plaintiff's claims under *Bivens* because Defendants are entitled to absolute immunity for the conduct at issue. Government attorneys are immune from individual-capacity claims for damages "when functioning as an advocate of the state in a way that is intimately associated with the judicial process." *Mangiafico v. Blumenthal*, 471 F.3d 391, 396 (2d Cir. 2006). This immunity applies to state-government attorneys who perform functions "'that can fairly be characterized as closely associated with the conduct of litigation or potential litigation' in civil suits—including the defense of such actions." *Id.* (quoting *Barrett v. United States*, 798 F.2d 565, 572 (2d Cir. 1986)). It also applies, in the same manner, to federal-government attorneys performing the same types of acts when acting as advocates of the federal government, *see Barrett*, 798 F.2d at 572, and has been extended to apply to claims against federal-government attorneys brought under *Bivens* arising from such acts, *see Chin v. Bowen*, 833 F.2d 21, 24 (2d Cir. 1987); *Penn v. Cottrell*, No. 1:19-CV-2741 (MKB), 2019 WL 13249016, at *6-7 (S.D.N.Y. July 26, 2019) (discussing absolute immunity in the context of Securities and Exchange Commission attorneys and "their prosecution of the civil enforcement action against" the plaintiff).

It has been understood, with respect to analog claims for constitutional violations brought against state officials under 42 U.S.C. § 1983, to apply to state-government attorneys "who work for and defend the state and state employees in civil actions." *Boyd v. Arnone*, 48 F. Supp. 3d 210, 215 (D. Conn. 2014) (citing *Barrett*, 798 F.2d at 573); *see also Mangiafico*, 471 F.3d at 396 (state attorney general's decision to not defend a state employee in civil litigation falls within actions for which state-government attorneys are immune from suit). Because "[t]he same immunity

standards apply to both [*Bivens* and Section 1983] actions," *see Chin*, 833 F.2d at 24, absolute immunity applies to claims brought under *Bivens* against a federal-government attorney arising from his or her defense of another federal-government official as to that other official's actions taken within the scope of that other official's federal office or employment.

Despite Plaintiff's assertions to the contrary (*see* ECF No. 9, at 3, 10, 12), Plaintiff's allegations about O'Gallagher, Aronoff and Torrance plainly demonstrate that they were acting as litigatory advocates for the federal-officer defendants in *Bal I* in this Court and in the appeal of the dismissal of that action in the Court of Appeals. This Court therefore dismisses Plaintiff's claims under *Bivens* because Defendants are entitled to absolute immunity from Plaintiff's claims for monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**B. Claims under the FTCA**

This Court construes Plaintiff's tort claims against the Defendants as brought under the FTCA. The FTCA provides for a waiver of sovereign immunity for certain claims for damages against the United States of America arising from the tortious conduct of federal officers or employees acting within the scope of their federal office or employment. *See* 28 U.S.C. §§ 1346(b)(1), 2679(b)(1), 2680. Generally speaking, "[t]he proper defendant in an FTCA claim is the United States, not individual federal employees or agencies." *Holliday v. Augustine*, No. 3:14-CV-0855, 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015); *see* § 2679(b)(1). Because Plaintiff's allegations make clear that the Defendants were acting within the scope of their federal offices or employment, this Court construes Plaintiff's tort claims against the Defendants as brought under the FTCA against the United States.

A plaintiff must comply with the FTCA's procedural requirements before a federal court can entertain a claim under the FTCA against the United States. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999), *abrogated on other grounds by United States v. Kwai Fun Wong*,

575 U.S. 402 (2015). Thus, before bringing a damages claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for damages with the appropriate federal government entity, and he must generally receive a final written determination from that entity. *See* 28 U.S.C. § 2675(a). This administrative exhaustion requirement is jurisdictional and cannot be waived. *See Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005).

Plaintiff alleges nothing to suggest that he filed an administrative claim with any federal agency regarding the alleged actions of the Defendants. This Court, therefore, dismisses Plaintiff's construed claims under the FTCA against the United States under the doctrine of sovereign immunity, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), and consequently, for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

**C. Supplemental jurisdiction**

Inasmuch as Plaintiff asserts claims under state law, this Court declines to consider them under its supplemental jurisdiction. A federal district court may decline to exercise supplemental jurisdiction over claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed Plaintiff's claims over which this Court has original subject matter jurisdiction, this Court declines to exercise its supplemental jurisdiction over any of Plaintiff's claims under state law. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

### D. Leave to amend is denied

Federal district courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with another amendment, this Court declines to grant Plaintiff leave to file a second amended complaint.

## CONCLUSION

This Court dismisses the above-captioned action. This Court dismisses Plaintiff's claims under *Bivens* because Defendants are entitled to absolute immunity from Plaintiff's claims for monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). This Court construes Plaintiff's tort claims as brought under the FTCA against the United States of America. This Court dismisses such claims because this Court lacks subject matter jurisdiction to consider them. *See* Fed. R. Civ. P. 12(h)(3). Accordingly, this Court declines to consider, under its supplemental jurisdiction, any claims that Plaintiff asserts under state law. *See* 28 U.S.C. § 1367(c)(3).

This Court denies Plaintiff's pending requests, including his request for permission for electronic filing privileges in this action (ECF No. 10) and motion "for clerk to issue summonses" (ECF No. 11).

The Clerk of Court is directed to close the open motion at ECF No. 11 and enter judgment dismissing this action for the reasons set forth in this order.

This Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: AUG 1 9 2026
New York, New York

George B. Daniels
GEORGE B. DANIELS
United States District Judge